

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 3, 2006**                                              **United States Bankruptcy Judge**

___

```
IN THE UNITED STATES BANKRUPTCY COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
              DALLAS DIVISION
```

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHARLES RICHARD HOSACK, | § | CASE NO. 04-83467-SGJ-7 |
|     DEBTOR. | § | |
| | § | |
| CHARLES RICHARD HOSACK, | § | |
|     PLAINTIFF, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-3171 |
| | § | |
| INTERNAL REVENUE SERVICE, | § | |
|     DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION OF THE UNITED STATES FOR SUMMARY JUDGMENT

CAME ON FOR CONSIDERATION by this court on the 31st day of July, 2006, the Motion of the United States for Summary Judgment [Docket Entry #13], the Memorandum of Law in Support of Motion for Summary Judgment [Docket Entry #14], the Plaintiff's Response and Answer to the Motion by Defendant for Summary Judgment [Docket Entry #19], and the Plaintiff's Motion in Opposition to the Defendant's Pleadings in Which a Summary Judgment as a Matter

of Law is Sought and Requested [Docket Entries #22 and 23]. Based on the summary judgment record and arguments presented, the court rules as follows:

## INTRODUCTION

This court has jurisdiction in this post-discharge adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 156(b)(2)(A), (I), and (O). This memorandum opinion is issued pursuant to Federal Rule of Bankruptcy Procedure 7056.

## UNDISPUTED MATERIAL FACTS

The court has determined that the following material facts are not in controversy. The undisputed facts were presented as follows:

1. Charles Richard Hosack (hereinafter, the "Debtor" or "Mr. Hosack") is or was an attorney primarily practicing in bankruptcy law, a certified public accountant, and a tax preparer.

2. Mr. Hosack filed a Chapter 7 case on December 13, 2004 in this court before Judge Steven A. Felsenthal, Case No. 04-83467-SAF-7 ("the 2004 Bankruptcy Case").

3. The Debtor was granted the standard form of general discharge in the 2004 Bankruptcy Case on March 17, 2005.

4. The Internal Revenue Service ("IRS") did not appear or file any pleadings in the 2004 Bankruptcy Case.

5. Several months after his discharge, Mr. Hosack moved to reopen his 2004 Bankruptcy Case (pro se) on December 13, 2005, and obtained an order reopening the case on February 3, 2006. An amended order reopening the case was entered on June 9, 2006 to clarify that the automatic stay was not in place in the reopened case.

6. Mr. Hosack filed the above-referenced adversary proceeding on March 1, 2006, essentially seeking protection from the IRS, alleging, among other things, that certain debts that the IRS currently views as still owing by Mr. Hosack were discharged in the 2004 Bankruptcy Case.

7. The undisputed facts with regard to the debts the IRS currently views as still owing by Mr. Hosack are as follows:

    a. The IRS, in or prior to 1999, determined that it had no records that Mr. Hosack timely filed tax returns for the years 1994, 1995 and 1996.

    b. The IRS asked Mr. Hosack to produce records in respect of his 1994, 1995, and 1996 income by letter dated April 24, 1999.

    c. The IRS prepared substitutes for returns for years 1994, 1995 and 1996, pursuant to 26 U.S.C. § 6020(b), on May 11, 1998, and posted the substitutes for returns for those years on June 7, 1999.

    d. The IRS then asked Mr. Hosack to provide copies of

all delinquent tax returns for 1994 through 1998 at a June 25, 1999 meeting. Mr. Hosack did not produce the tax returns and, as a result, the IRS prepared and filed substitutes for returns on June 29, 1999 for the years 1997 and 1998, pursuant to 26 U.S.C. § 6020(b), and began an examination for those years.

      e. On June 19, 1999, while the IRS examination was in progress, Mr. Hosack filed purported income tax returns for 1994 through 1997 (and, according to Mr. Hosack, also for 1998, although there is no summary judgment evidence in the record of Mr. Hosack having filed a 1998 tax return). In any event, the tax returns Mr. Hosack filed were based on estimates from his memory. The IRS has represented that all of the tax returns showed taxable income of zero and claimed sizable refunds owing to him, but Mr. Hosack cannot remember well enough to dispute or deny this. Mr. Hosack has at all times taken the position that his actual tax and accounting records for the years in question are not, and have not for many years been accessible to him, because they were produced in unrelated litigation in which he was sued, and have never been retrievable by him after conclusion of that unrelated litigation.

      f. The IRS apparently believed that the tax returns filed by Mr. Hosack, based on his memory, severely under reported Mr. Hosack's income and proceeded with an IRS examination.

      g. On June 29, 1999, Mr. Hosack filed a Chapter 7

petition, Case No. 99-61342, in the United States Bankruptcy Court for the Eastern District of Texas (the "1999 Bankruptcy Case"). On October 8, 1999, this bankruptcy case was voluntarily dismissed by Mr. Hosack prior to any discharge order being issued.

      h.   On June 12, 2002, the IRS issued a Notice of Deficiency to Mr. Hosack for years 1994 through 1998 (the amounts of such alleged deficiencies are shown on page 4 of the IRS's Motion for Summary Judgment).

      i.   On September 9, 2002, Mr. Hosack filed a petition in the United States Tax Court seeking a re-determination for the proposed deficiencies for years 1994 through 1998, as was his right to do under 26 U.S.C. § 6213(a).

      j.   It is undisputed that the taxes for 1994 through 1998 have not heretofore been "assessed," as that term is used in both the Internal Revenue Code and the Bankruptcy Code, because of the United States Tax Court proceeding that Mr. Hosack initiated prior to an assessment.

      k.   On December 13, 2004, one day prior to a trial scheduled for December 14, 2004 in the United States Tax Court, Mr. Hosack filed the 2004 Bankruptcy Case in this court. Mr. Hosack listed a $178,000 estimated claim of the IRS as a priority claim (for 1993 through 1998) and designated such claim as disputed.

  l. There was no distribution to creditors in Mr. Hosack's 2004 Bankruptcy Case and it was closed, after the general discharge order, as a no asset case.

  m. When the IRS moved forward, after the conclusion of the 2004 Bankruptcy Case, with matters in the United States Tax Court action that was initiated by Mr. Hosack in 2002 but never concluded, Mr. Hosack came back to this bankruptcy court seeking a determination that the IRS was precluded from going forward in the Unites States Tax Court or in any form or fashion to attempt to collect tax debts from Mr. Hosack attributable to the tax years 1994 through 1998. Mr. Hosack alleges that any amounts he owed to the IRS attributable to the tax years 1994 through 1998 were discharged in his 2004 Bankruptcy Case.

CONCLUSIONS OF LAW

 Based on these undisputed facts, the court concludes that the IRS is entitled to a summary judgment as a matter of law, that the alleged income tax debts owed by Mr. Hosack attributable to the tax years 1994 through 1998 were not discharged in the 2004 Bankruptcy Case, and certainly not in the 1999 Bankruptcy Case, that was dismissed without a discharge. The applicable legal authority is 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(iii) and 523(c) and 26 U.S.C. §§ 6213(a) and 6215(a).

 First, taking these in logical order, Section 523(a)(1)(A) provides:

> § 523(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (1) for a tax or a customs duty—
>
> (A) of the kind and for the periods specified in section 507(a)(2)[1] *or 507(a)(8)* of this title, whether or not a claim for such tax was filed or allowed;

11 U.S.C. § 523(a)(1)(A) (emphasis added). Thus, pertinent to this matter, a tax claim of the kind described in Section 507(a)(8) of the Bankruptcy Code is not subject to an individual debtor's discharge, whether or not the tax claimant files a claim in the individual's bankruptcy case or it is allowed.

Next, Section 507(a)(8) provides, in pertinent part:

> § 507(a) The following expenses and claims have priority in the following order:
>
> . . .
>
> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
>
> (A) *a tax on or measured by income or gross receipts*—
>
> . . .
>
> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, *not*

---

[1] The court is citing the statute as it was numbered and worded prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA governs in cases filed on or after October 17, 2005. This reopened case, since originally filed in 2004, would be governed by pre-BAPCPA law. In any event, the substantive result would not change whether governed by pre- or post-BAPCPA law.

> ***assessed before, but assessable, under applicable law*** or by agreement, ***after, the commencement of the case***[2];

11 U.S.C. § 523(a)(8)(A)(iii) (emphasis added). Thus, one of the types of tax claims not subject to a discharge is a tax claim on or measured by income, that was not assessed before, but is still assessable under applicable law, after the commencement of the case.

Third, Section 523(c)(1) provides that:

> § 523(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1). This section is relevant because it describes how a creditor to whom a debtor owes a debt described in either Section 523(a)(2), (4), (6) or (15) must take proactive action (file a request and give notice of hearing on the request) in order for the debt to be excepted from discharge. By negative

---

[2] The court notes that 11 U.S.C. § 362(b)(9) provides that the filing of a bankruptcy petition does not operate as an automatic stay of the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceed are transferred out of the estate to, or otherwise revested in, the debtor).

-8-

implication, the other types of nondischargeable debt listed in Section 523(a), including the tax debts described in Section 523(a)(1), require no proactive action on a creditor's part.

Finally, 26 U.S.C. §§ 6213(a) and 6215(a) are relevant statutes here, because they describe the IRS procedures that are applicable when the IRS identifies a taxpayer with regard to whom there may be a tax deficiency. Section 6213(a) describes that, within 90 days after a notice of a tax deficiency is mailed, a taxpayer who is not outside of the United States may file a petition with the Tax Court for a redetermination of the deficiency. The statute goes on to provide, in pertinent part, that "no assessment of a deficiency" shall be made until the decision of the Tax Court has become final. Section 6215(a) describes the process by which assessment can be commenced after the deficiency has been finally determined by a decision of the Tax Court.

Mr. Hosack has admitted in his pleadings and oral arguments that the alleged tax debts attributable to 1994 through 1998 were not assessed when the Debtor filed his 2004 Bankruptcy Case (and have still not been assessed). As a matter of law, interpreting Sections 6213(a) and 6215(a) of the Internal Revenue Code, the taxes could not have been assessed as of the commencement of the 2004 Bankruptcy Case, but were still assessable, by virtue of: (a) the Debtor having commenced a United States Tax Court

proceeding on September 9, 2002, within 90 days of the Notice of Tax Deficiencies (June 12, 2002);[3] and (b) the Tax Court proceeding not yet having been finally resolved. *See also* 11 U.S.C. § 362(b)(9). What this means, reading §§ 523(a)(1)(A) and 507(a)(8)(A)(iii) together, is that the tax debts were outside of the scope of a Section 727 discharge. The debts involved taxes based on income ***that had not yet been assessed before but were still assessable*** after the commencement of the 2004 Bankruptcy Case. Moreover, Section 523(c) of the Bankruptcy Code is clear. The IRS did not have to bring an adversary proceeding in the 2004 Bankruptcy Case or file a claim or otherwise be proactive in the 2004 Bankruptcy Case to achieve the nondischargeability of its debts.

In summary, the action in the United States Tax Court can go forward, unfettered, for a determination to be made as to the actual tax debts attributable to years 1994 through 1998. There may be genuine disputes as to what the actual tax debts are—but

---

[3] It occurs to this court that the Debtor was arguably hoisted by his own petard by filing the United States Tax Court proceeding in September 2002. This made the taxes at issue fall into the Section 507(a)(8)(A)(iii) category of not yet assessed but still assessable. Had Mr. Hosack not filed the tax action within 90 days of the June 12, 2002 Notice of Tax Deficiencies, and the IRS had proceeded to issue assessments on these taxes, and then the Debtor had waited more than 240 days to file a bankruptcy case, it would appear as though the 1994 through 1998 tax debts would have been discharged in Mr. Hosack's subsequently filed bankruptcy case. See 11 U.S.C. § 507(a)(8)(A)(ii).

those disputes are not for this court to decide.

## UNADDRESSED ISSUES

The court does not reach a holding on whether the Debtor did or did not file his 1998 tax return or whether the tax returns he did file in 1999 count as "real" tax returns, *i.e.,* were honest attempts at filing tax returns. There appear to be disputed issues of fact with regard to these issues. However, these disputed fact issues are irrelevant for purposes of this summary judgment. It is undisputed that the 1994 through 1998 taxes had never been assessed but were still assessable on the December 13, 2004 petition date of the 2004 Bankruptcy Case.

Finally, the court notes the Debtor takes the position now that the 1994 through 1998 taxes were not "priority" taxes even though he listed them as such (albeit as disputed) in his Schedule E filed in his 2004 Bankruptcy Case. While judicial estoppel or some other estoppel theory very likely applies here, the court still finds this likely legal doctrine not critical in any way to its ruling today. Again, Sections 523(a)(1)(A), 507(a)(8)(A)(iii) and 523(c) of the Bankruptcy Code and Sections 6213(a) and 6215(a) of the Internal Revenue Code, read together, mandate summary judgment for the IRS. These statutes define the 1994 through 1998 alleged tax debts (whatever amounts they are) as tax debts that were not assessed but still assessable on the December 13, 2004 petition date of the 2004 Bankruptcy Case, and,

thus, excepted from discharge.

## ORAL MOTION FOR STAY PENDING APPEAL

An oral motion for a stay of this order pending appeal was made by Mr. Hosack at the conclusion of the hearing on the motion for summary judgment. The court denies this motion. The court, in order to grant a stay, needs to consider whether there has been a showing by Mr. Hosack of likelihood of success on the merits on appeal, whether Mr. Hosack has made a showing of irreparable harm if no stay is granted, whether the granting of a stay would substantially harm the other parties, and whether the granting of a stay would serve the public interest. *In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987); *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 515 (W.D. Tex. 2000). The movant carries the burden of demonstrating the presence of all four factors. *Drummond v. Fulton County Dep't of Family and Children's Services*, 532 F.2d 1001, 1002 (5th Cir. 1976). Here the court believes Mr. Hosack has not carried his burden. The law is fairly straightforward and the court views there to be little likelihood of Mr. Hosack succeeding on the merits on an appeal of this matter. Moreover, since no assessment or collection activities are currently being pursued by the IRS against him, there is no evidence of irreparable harm to Mr. Hosack if a stay is not entered. The court believes that granting a stay might harm (in further delaying) the IRS and

would not serve the public interest since it has been suggested by the IRS that there has been a pattern of delay and excuses given by Mr. Hosack during the IRS's many years of dealing with him in the past, and, based on the record alone,[4] this may very well be yet one more delay tactic on the part of Mr. Hosack.

## CONCLUSION

Mr. Hosack's bankruptcy case will be closed as soon as the court's Memorandum Opinion and Order is entered.

## ORDER

Based on the foregoing Memorandum Opinion,

IT IS ORDERED that the Motion of the United States for Summary Judgment is GRANTED.

###END OF MEMORANDUM OPINION AND ORDER###

---

[4] The summary judgment evidence indicates that there have been three prior bankruptcy cases filed by Mr. Hosack: Case No. 04-83467 (Chapter 7) (filed in the Bankruptcy Court for the Northern District of Texas); Case No. 99-61342 (filed in the Bankruptcy Court for the Eastern District of Texas); and a Chapter 7 case filed by or against him in 1987 in Dallas in which he alleges that a discharge was granted (disclosed in his 1999 Bankruptcy Case, Question 8 of his Statement of Financial Affairs).